**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN BLOCKSOM,

        Petitioner,        Case Number: 2:09-CV-12843

v.        HON. MARIANNE O. BATTANI

THOMAS BELL,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Steven Blocksom has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges his conviction for being a sexually delinquent person. Respondent has filed a Motion to Dismiss on the ground that Petitioner has not exhausted his state court remedies.

**I.**

Following a jury trial in Dickinson County Circuit Court, Petitioner was convicted of being a sexually delinquent person and sentenced to nine to twenty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised the following claims: (i) the trial court lacked jurisdiction over the sexual delinquency charge; and (ii) the sentencing guidelines were improperly scored. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Blocksom*, No. 277214 (Mich. Ct. App. Oct. 21, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals, and the following additional claim:

> Michigan's sexual delinquent person statute, M.C.L. § 767.61a, is unconstitutional because it is vague, ambiguous, and over broad which violates the Sixth Amendment of the United States Constitution because it is void of any elements defining a criminal act on its face.

The Michigan Supreme Court denied leave to appeal. *People v. Blocksom*, 483 Mich. 1070 (Mich. June 10, 2009).

Petitioner then filed the pending habeas corpus petition raising the same claims raised before the Michigan Court of Appeals and the additional claim presented in the Michigan Supreme Court.

## II.

Respondent has filed a Motion to Dismiss on the ground that Petitioner has not exhausted his state court remedies with respect to the third claim raised in his petition, challenging the constitutionality of the sexually delinquent person statute.

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). The petitioner bears

the burden of showing that state court remedies have been exhausted. *Id.* at 1420, n.3. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)

Petitioner's third claim was presented for the first time in his application for leave to appeal to the Michigan Supreme Court, which denied leave to appeal. "[A]n issue has not been fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *Warlick v. Romanowski*, No. 09-1199, 2010 WL 729528, *8 (6th Cir. March 03, 2010), *citing Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). This claim, therefore, is unexhausted.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was

3

no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, July 6, 2009, until he returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718. At this time, the Court makes no finding regarding the timeliness of this petition.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

4

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition contains an unexhausted claim. Therefore, the court will deny a certificate of appealability.

## IV.

For the foregoing reasons, **IT IS ORDERED** that the Respondent's "Motion to Dismiss" is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from July 6, 2009, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claim to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

DATE: May 21, 2010

CERTIFICATE OF SERVICE

       I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via ordinary U.S. Mail and/or e-filing.

s/Bernadette M. Thebolt
Case Manager
